IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                    Criminal No. 3:15CR33

DWAYNE LAMON SMITH

**MEMORANDUM OPINION**

Dwayne Lamon Smith, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255. (ECF No. 33). The Government has responded, asserting that Smith's § 2255 Motion is untimely. For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.[1]

**I.   PROCEDURAL HISTORY**

On July 16, 2015, the Court entered judgment against Smith and sentenced him to 188 months of imprisonment for possession with intent to distribute 100 grams or more of heroin and possession of firearm by a convicted felon. (ECF No. 30, at 1-2.) Smith's sentence was based, in part, by the determination that Smith was a career offender. (ECF No. 23, ¶ 21.) Smith did not appeal.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling and punctuation in the quotations from the Smith's submissions. The Court corrects the emphasis from Smith's quotations.

On June 21, 2017, Smith placed the present § 2255 Motion in the prison mail system for mailing to this Court. (ECF No. 33, at 12.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Smith "maintains [that] he must be resentenced because under Mathis v. United States, 136 S. Ct. 2243 (2016) he was improperly categorized as a Career Offender because his conviction[s] of possession with intent to deliver heroin and cocaine base are not controlled substance offenses under the Career Offender Guideline, U.S.S.G. § 4B1.2(b)." (Id. at 15.)

## II.  ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme

2

>       Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A. **Running Of The Statute Of Limitations**

Because Smith did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, July 30, 2015, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Smith had until August 1, 2016 to file any motion under 28 U.S.C. § 2255. Because Smith did not file his § 2255 Motion until June 21, 2017, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Smith responds that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3)&(4) because he filed it within one year of the decision in Mathis v. United States, 136 S. Ct. 2243 (2016).[2] As explained below, Smith is wrong.

---

[2] In Mathis, the Supreme Court reaffirmed the approach by which courts should determine if a prior conviction is one of the enumerated violent felonies set forth in 18 U.S.C. § 924 (e) (2) (B) (ii) for purposes of the Armed Career Criminal Act ("ACCA").

3

## B. § 2255(f)(3)

A petitioner is entitled to belated commencement of the limitations period under 28 U.S.C. § 2255(f)(3) based upon a right "initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "Mathis, however, is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3)." United States v. Brunson, No. 3:12CR113, 2017 WL 1250996, at *2 (E.D. Va. Apr. 3, 2017) (citing In re Lott, 838 F.3d 522, 523 (5th Cir. 2016); United States v. Grubb, No. 7:00cr00015, 2017 WL 384701, at *3 (W.D. Va. Jan. 26, 2017); Milan V. United States, Nos. 3:16-CV-1850-D-BK, 3:09-CR-0095-D-1, 2017 WL 535599, at *2 (N.D. Tex. Jan. 18, 2017), Report and Recommendation adopted by 2017 WL 529334 (N.D. Tex. Feb. 9, 2017); United States v. Sonczalla, No. 07-187

---

136 S. Ct. at 2243. Specifically, courts must compare the elements of the state crime with the generic version of the enumerated federal offense. Id. at 2248 (citing Taylor v. United States, 495 U.S. 575, 600-01 (1990)). If the state crime was "the same as, or narrower than, the relevant generic offense," the state crime qualified as an enumerated offense under the ACCA. Id. at 2257. The Court emphasized that district courts "may not ask whether the defendant's conduct-his particular means of committing the crime-falls within the generic definition." Id. Moreover, "that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were-just the facts, which ACCA . . . does not care about." Id.

4

(RHK), 2016 WL 4771064, at *2 (D. Minn. Sept. 12, 2016); <u>Dimott v. United States</u>, Nos. 2:06-cr-26-GZS, 2:16-CV-347-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016)).

C. § 2255(f)(4)

Under 28 U.S.C. § 2255(f)(4), the limitations period for § 2255 motions commences on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The Fourth Circuit has explained that a "change in law" does not qualify as a new "fact" for § 2255 purposes. See <u>Whiteside v. United States</u>, 775 F.3d 180, 183-84 (4th Cir. 2014). "Instead of altering the factual landscape, [<u>Mathis</u>] announced a generally applicable legal rule. A decision 'establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim.'" <u>Id.</u> at 184 (quoting <u>Shannon v. Newland</u>, 410 F.3d 1083, 1089 (9th Cir. 2005)).[3] Thus, Smith is not entitled to a belated commencement of the limitation period under § 2255(f)(4).

---

[3] In <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013) the Supreme Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations. <u>Id.</u> at 386. Nevertheless, "<u>McQuiggin</u> does not apply to habeas claims based on actual innocence of a sentence." <u>United States v. Jones</u>, 758 F.3d 579, 587 (4th Cir. 2014).

5

### III. CONCLUSION

For the foregoing reasons, Smith's § 2255 Motion (ECF No. 33) will be denied.

In the beginning of June of 2020, Smith filed a series of motions seeking to add a claim for relief under Rehaif v. United States, 139 S. Ct. 2191 (2019). (ECF Nos. 41-43.) "In Rehaif v. United States, the Supreme Court held, contrary to previously applicable Circuit precedent, that offenses under 18 U.S.C. § 922(g) require that the United States 'show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.'" United States v. Collins, No. 5:18-CR-00068, 2019 WL 3432591, at *2 (S.D.W. Va. July 30, 2019) (quoting Rehaif, 139 S. Ct. at 2194). The Government has not responded to Smith motions to supplement. It will do so within thirty (30) days of the date of entry hereof.

The Clerk is directed to send a copy of the Memorandum Opinion to Smith and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 14, 2020